## DUNMEAD *v.* AMERICAN MINING & SMELTING CO.

*(Circuit Court, D. Colorado.   July 22, 1882.)*

NEGLIGENCE—FELLOW-WORKMAN.

    In an action for damages for personal injuries caused by the negligent acts of a fellow-workman, plaintiff must aver that he himself exercised due care and caution at the time of the accident, and that he was not informed and had no means of knowledge of the character of the person who was employed with him, or of his capacity and fitness for the work.

*T. A. Green* and *W. W. Cover,* for plaintiff.

*Markham, Patterson & Thomas,* for defendant.

HALLETT, D. J., *(orally.)*   Case No. 900 is an action to recover damages for injuries received by the plaintiff from the overturning of a slag-pot.   Plaintiff avers that he was in the service of defendant in the month of July of last year, and that he was engaged in removing slag-pots from the defendant's furnaces, to be emptied outside of the furnace building; that through the carelessness of another person, also employed by the defendant to assist in removing these pots, one of the pots was left in a place where it obstructed the passageway, and the plaintiff moving backwards, drawing a slag-pot without the building, fell upon this, or it caused him to fall down, and, as I understand it, the slag-pot which he was attempting to remove was overturned in such a way that it injured his person.   He claims that this other man who was employed by the defendant with him was a careless and negligent person, who was not fitted for the service in which he was employed, and that the defendant knew that he was a person of that character; that he was a man of intemperate habits, and had been so in the discharge of his duties before that time, as the defendant knew.

The plaintiff omits to say in his complaint that he himself used due care and caution at the time of this accident. That, I think, is a matter which must appear upon the evidence. While it may be that he is not required to offer any evidence directly to the point that he was in the exercise of care and caution at the time of the accident, it must appear from all the evidence that the fact was so; that is to say, that he himself was not negligent. He fails to aver, also, that he was not informed of the character of this person who was employed with him. He says nothing upon that subject. He avers that the defendant had information of the unskilfulness and untrustworthiness of this man, but says nothing as to himself. It must appear from the evidence that he was ignorant of the character of this person, because if he knew of his character, knew that he was a person who was unfitted for the service, or had the same means of knowledge as the defendant, it was in his own wrong that he continued in service with such person, unless, indeed, there were some special circumstances, as that complaint had been made and the defendant had promised to dismiss this individual and employ another in his stead; but nothing of that kind is averred. He says nothing whatever as to his own knowledge of the capacity and fitness of this person, who was certainly employed with him in the precise service which the plaintiff was engaged in. He says nothing whatever as to his capacity and fitness. He should state something upon that point, as to whether he was informed that this person was unfit for the service in which he was engaged.

On these grounds the demurrer will be sustained.